UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| BALIS ANDREW CODY, JR. | ) | |
| | ) | |
| v. | ) | 1:09-cv-129/1:03-cr-225 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Defendant Balis Andrew Cody, Jr. ("Cody") has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Crim. Court File No. 51). Cody was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I).

A § 2255 motion is subject to a one-year limitation period that generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). Although Cody's § 2255 motion has been filed outside of the one-year statute of limitations, he contends he is entitled to have the one-year statute of limitations equitably tolled because he is actually innocent of the conviction for possession of a firearm in furtherance of a drug trafficking crime.

The motion, together with the files and record in this case, "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also* Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. The Court determines an evidentiary hearing is not necessary and for the following reasons will **DENY** Cody's § 2255 motion.

**I. Actual Innocence**

Cody alleges he is actually innocent of the conviction for possession of a firearm in furtherance of a drug trafficking crime. Cody claims he did not possess the firearm because,

although it was in his truck, the firearm was lying next to his wife and there was no evidence to establish he had the firearm to protect anything relating to the drug trade or that he had ever touched the firearm.

At the outset the Court notes there is a difference between a "gateway claim" and a "freestanding claim" of actual innocence. *See House v. Bell*, 547 U.S. 518 (2006). The United States Supreme Court has previously recognized a gateway claim of actual innocence which exists when a petitioner attempts to avoid a procedural bar that would otherwise preclude him from bringing other claims. *Id.* at 536-37; *Bousley v. United States*, 523 U.S. 614, 623 (1998). Raising actual innocence to avoid a procedural bar serves as a gateway for a petitioner to argue his procedurally defaulted claims before the habeas court. *House*, 547 U.S. at 536-37. Thus, an actual innocence gateway claim is a complement to the "cause and prejudice" standard which permits a petitioner to raise an otherwise procedurally barred claim. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001) ("A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence.").

A freestanding claim of actual innocence, which is what Cody is apparently raising, is an attempt to prove his innocence outright. *See House*, 547 U.S. at 554-55; *see also Herrera v. Collins*, 506 U.S. 390, 417 (1993) (recognizing the possibility of a freestanding actual innocence claim). Nevertheless, a freestanding claim of actual innocence has never been explicitly recognized by the Supreme Court. *House*, 547 U.S. at 555 (concluding "that whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it."). The *House* Court did, however, establish that the standard for any freestanding innocence claim would be

"'extraordinarily high.'" *Id. (*quoting *Herrera*, 506 U.S. at 417). Although the Court did not further explain the "extraordinarily high" standard, it did indicate the standard for a freestanding claim would be higher than the standard for a successful gateway innocence claim. *Id.* ("The sequence of the Court's decisions in *Herrera* and *Schlup*—first leaving unresolved the status of freestanding claims and then establishing the gateway standard—implies at the least that *Herrera* requires more convincing proof of innocence than *Schlup*.). Thus, if Cody is unable to meet the gateway standard, there is no doubt he will be unable to meet the freestanding standard.

To establish a gateway innocence claim a petitioner "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 327 (1995); *see also Bousley v. United States*, 523 U.S. at 623 (To establish a gateway actual innocence claim a "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.") (internal quotations and citations omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.* at 623. In addition, to establish a gateway claim, a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. As explained below, Cody has not presented any new reliable evidence that was not presented at trial. Consequently, he is unable to meet the gateway standard and thus, he necessarily is unable to meet the higher standard required for a successful freestanding claim of actual innocence.

Although Cody labels his claim as an actual innocence claim, he has failed to allege an actual innocence claim. Cody has not presented any new evidence in relation to the firearm charge.

Instead, Cody's claim of actual innocence is based on his contention the weapon was found in the vehicle next to his wife which he claims indicates he did not actually possess the weapon. This evidence, however, was presented to and considered by the jury.

Possession of a firearm may be actual or constructive and need not be exclusive. *United States v. Cochran*, 14 F.3d 1128, 1132 (6th Cir. 1994). Proof of constructive possession requires evidence that Cody knowingly had the power and intention to exercise control over the firearm. *Id.* Reasonable jurors could have found that Cody knowing had the power and intention to exercise control over the firearm which was lying next to his wife in the truck which they both occupied. Based on the existing record, reasonable jurors could have found, and in fact did find, Cody guilty of possessing the firearm. Consequently, Cody has not established a gateway claim of actual innocence and as such, he has failed to meet the higher standard required for a successful freestanding claim of actual innocence.

In summary, Cody has not demonstrated he is actually innocent, thus factually innocent, of possessing the firearm, but rather, he attacks the sufficiency of the evidence the jury relied upon to convict him. Cody has not presented any new evidence and that alone, appears to be sufficient to deny his actual innocence claim. *See House*, 547 U.S. at 537. Furthermore, Cody, who has not introduced any new evidence, has not demonstrated it is more likely than not that no reasonable juror would have convicted him. *Bouseley v. United States*, 523 U.S. 614, 623 (1998). Consequently, Cody has not submitted a sufficient actual innocence claim to require tolling of the one-year statute of limitation.

## II. One-Year Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Cody was sentenced to a term of imprisonment for 95 months on March 24, 2006, after a jury found him guilty of one count of possession with intent to distribute methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking offense. Cody did not pursue an appeal. His judgment was entered on April 10, 2006.

Cody had one year from the time his judgment of conviction became final to file his § 2255 motion. Cody's § 2255 motion was stamped filed by the District Court Clerk on May 15, 2009, and Cody declared, under penalty of perjury, the § 2255 motion was true and correct when he executed it on May 11, 2009. In addition, it appears from the stamp on the envelope that the prison authorities received the document for filing on May 11, 2009. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) FED. R. APP. PROC. Accordingly, the Court will treat the motion as filed on May 11, 2009.

This Court must determine if Cody's § 2255 motion was filed outside the applicable one year statute of limitations period. Therefore, the Court must first determine when Cody's judgment of conviction became final. "For the purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, No. 01-1481 (6th Cir. 2001)(UNPUBLISHED), *available at* 2001 WL 1136000, (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). If the defendant does not take a direct appeal, the judgment of conviction is final on the date on which the time for filing an appeal expired. *United States v.*

*Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). Consequently, because defendant's conviction became final after the ten-day appeal period had expired, his § 2255 motion is not timely because it was filed more than one year after his conviction became final.

Cody was sentenced to a term of imprisonment for violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C), possession with intent to distribute methamphetamine, and 18 U.S.C. § 924(c)(1)(A)(I), possession of a firearm in furtherance of a drug trafficking offense, on March 24, 2006. His judgment was entered on April 10, 2006. Cody did not file an appeal. Therefore, his conviction was not final until after the ten-day appeal period had expired, *i.e.*, April 24, 2006, one year from the date his judgment of conviction became final was April 24, 2007. Consequently, since his § 2255 motion was file on May 11, 2009, his § 2255 motion is not timely.

The time for filing a § 2255 motion in his case was no later than April 24, 2007, which is one year from the date Cody's judgment of conviction became final. 28 U.S.C. § 2255. Since Cody's § 2255 motion was filed on May 11, 2009, more than two years after the expiration of the one-year limitations period, it is time-barred by the statute of limitations and will be **DISMISSED**.

An appropriate order will enter.

***/s/***

**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**